JOHN PHILLIPS, JR., AKA JOHN LEATHEL PHILLIPS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 19660

November 2, 1989            782 P.2d 381

*Sper & Creel,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex A. Bell,* District Attorney and *James Tufteland* and *William Henry,* Deputy District Attorneys, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Appellant John Phillips, Jr. (Phillips) was convicted of one count each of burglary and battery with a deadly weapon. The convictions stemmed from a hammer attack on Phillips' former girlfriend in the girlfriend's house. Phillips did not testify at his trial. The district court did not obtain from Phillips a waiver on the record of Phillips' right to testify on his own behalf. However, there is no evidence in the record to suggest that Phillips did not know that he could testify on his own behalf; that Phillips ever requested the court to allow him to testify, or that Phillips' trial counsel or the district court judge in any way coerced or misled Phillips into not testifying. During jury voir dire Phillips claims that the prosecuting attorney excluded from the pool of prospective jurors the only two persons of Phillips' same race, African American. However, the record on appeal does not contain the transcribed record of the jury voir dire.

Phillips raises two assignments of error by this appeal. First, Phillips claims that the district court erred by failing, *sua sponte* and on the record, to conduct a colloquy with Phillips establishing a waiver of Phillips' right to testify on his own behalf. This is a question of first impression for this court. Second, Phillips urges that the prosecuting attorney's exercise of peremptory challenges as to the only two prospective African American jurors constituted a violation of the rule announced in Batson v. Kentucky, 476 U.S. 79 (1986).

## I. WAIVER OF THE RIGHT TO TESTIFY IN ONE'S OWN BEHALF IN CRIMINAL CASES.

Criminal defendants have the right to testify on their own behalf under the due process clause of the fourteenth amendment, the compulsory process clause of the sixth amendment and the fifth amendment's privilege against self-incrimination. Rock v. Arkansas, 483 U.S. 44, 49 (1987). Phillips urges this court to adopt the minority rule of People v. Curtis, 681 P.2d 504 (Colo.

1984). *Curtis* requires the trial court, *sua sponte* and on the record, to conduct a colloquy establishing waiver by a criminal defendant of the defendant's right to testify. *Curtis,* 681 P.2d at 512. *Curtis* is a minority view. *Id.* at 512, n. 9. This court finds only two other cases adopting the same rule. *See* State v. Neuman, 371 S.E.2d 77 (W.Va. 1988); Culberson v. State, 412 So.2d 1184 (Miss. 1982). One court has held that *Curtis* mandates reversal of a criminal conviction for failure to conduct the colloquy, even when, as here, the record is merely silent as to whether or not the defendant was aware of this right or desired to testify. *See Neuman, supra.*

We decline to adopt the rule of *Curtis* that mandates the reversal of any criminal conviction if the defendant has not been expressly advised by the court of his right to testify. Neither the United States Supreme Court nor any other federal court has required a waiver on the record of the right to testify in all cases. Indeed, some federal courts have declined to impose such a requirement. *See* United States v. Systems Architects, 757 F.2d 373, 376 (1st Cir. 1985), *cert. denied,* 474 U.S. 847 (1985); United States v. Janoe, 720 F.2d 1156, 1161 (10th Cir. 1983), *cert. denied,* 465 U.S. 1036 (1984). We do believe that every defendant should be advised on the record, but outside the presence of the jury, by the court of his right to testify at or near the end of the State's case-in-chief. This will eliminate any question about the defendant knowing that he has such a constitutional right and that the decision is ultimately his to make. In summary, while it is good practice, the *Curtis* colloquy is not a *sine qua non* of a valid conviction in all cases.

■■

There is no evidence on the record that defense counsel or the trial judge coerced or misled the defendant into not testifying or that Phillips did not know of his right to testify and wanted to take the stand. The fact that Phillips had three prior convictions suggests that Phillips knowingly waived his right to testify for two reasons. First, Phillips probably decided not to take the stand in order to avoid being impeached with the three prior convictions in front of the jury. Second, in light of his three prior involvements with the criminal justice system, Phillips' claim that he was unaware of his right to testify strains credulity. This is especially so where Phillips' defense counsel called six other witnesses on Phillips' behalf at trial.

## II. THE EXERCISE OF PEREMPTORY CHALLENGES BY THE PROSECUTOR.

■■■

If Phillips states a *prima facie Batson* violation, the prosecutor

must offer a racially neutral explanation for the exercise of peremptory challenges. *See Batson, supra;* Haynes v. State, 103 Nev. 309, 739 P.2d 497 (1987). The only evidence Phillips presents regarding his *Batson* claim is not evidence at all, but, rather, the following allegation in Phillips brief: "Court-appointed counsel has been advised by Appellant that the state removed both prospective black jurors by the use of peremptory challenges." The record does not contain a transcript of jury voir dire or any other evidence relating to these peremptory challenges.

Phillips has not properly preserved this issue for appeal by failing to include in the record on appeal any facts pertaining to these two peremptory challenges. This court can rule only on matters contained within the record. A Minor v. State, 85 Nev. 323, 325, 454 P.2d 895, 896 (1969). Facts or allegations contained in a brief are not evidence and are not part of the record. *Id.;* Sparks v. State, 96 Nev. 26, 29, 604 P.2d 802, 804 (1980). Under these authorities, this court cannot reach Phillips' *Batson* claim. Even if this court did accept Phillips' allegations as evidence stating a *prima facie Batson* violation, the record contains no evidence to permit this court to assess whether the prosecutor had a neutral explanation for these peremptory challenges.

Phillips' appellate counsel states that he could not have known of a possible *Batson* violation since appellate counsel was not present at trial and any records on jury voir dire likely would not include any reference to race. Even granting that this is true, however, appellate counsel learned of Phillips' *Batson* claim before filing the Opening Brief of Appellant. Since then, appellant's counsel could have remedied the defect in the record in at least two ways. First, based on excusable neglect, counsel could have moved this court to supplement the record pursuant to NRAP 10(g). Second, even if there was no reporter's transcript of the voir dire, counsel could have prepared a statement of what transpired based on Phillips' and trial defense counsel's recollections pursuant to NRAP 10(c). Phillips had a fair opportunity to supplement the record on appeal. Although this court does not lightly dismiss constitutional claims due to an inadequate record, Phillips must present this claim, if at all, through other post-conviction processes.

For the reasons stated above, we affirm the district court's judgment of conviction in all respects.