JUAN RAMIREZ-GARZA, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 22172

May 18, 1992                           832 P.2d 392

*John C. Morrow,* Acting Public Defender, and *Janet Cobb Schmuck,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, and *Scott W. Edwards,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A narcotics sting operation, set up by an informant, netted appellant and three others, including a young woman who was eighteen years old. In the information it filed, the State charged the four with several drug-related offenses. Subsequently, the young woman was certified as a juvenile for purposes of these charges, and she testified against appellant at his trial. Before she testified, appellant filed a motion in limine seeking to exclude her testimony on the ground that she was an accomplice whose testimony was uncorroborated. In denying the motion, the district

court found, as a matter of law, that the young woman was not an accomplice. A jury convicted appellant on six controlled substance charges.

On appeal, appellant contends, among other things, that the young woman was an accomplice whose uncorroborated testimony led to his conviction in contravention of NRS 175.291.

NRS 175.291 provides:

> 1.   A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.
>
> 2.   An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

Interpreting this statute, we have held that an accomplice is "one who is liable to prosecution for the identical offense charged against the defendant . . . *or* who is culpably implicated in, or unlawfully cooperates, aids or abets in the commission of the crime charged." Orfield v. State, 105 Nev. 107, 109, 771 P.2d 148, 149 (1989) (emphasis added).

Although the young woman was certified as a juvenile, she is still liable to prosecution—in the juvenile forum—on the identical offenses charged against appellant. Indeed, the initial information filed by the State named the young woman as a co-defendant and co-conspirator with appellant and the others. Later, after the young woman had been certified as a juvenile, the State filed an amended information which deleted her name.

Furthermore, the evidence in this case demonstrates that the young woman culpably cooperated, aided, and abetted in the commission of the crimes charged against appellant. Under the definition of accomplice set forth in *Orfield,* then, the young woman was an accomplice.

Finally, exempting the testimony of juvenile accomplices from the requirements of NRS 175.291 would contravene the policy embodied in the statute. In enacting NRS 175.291, the legislature intended that "one who has participated criminally in a given criminal venture shall be deemed to have such character, and such motives, that his testimony alone shall not rise to the dignity of proof beyond a reasonable doubt." Austin v. State, 87 Nev. 578, 588, 491 P.2d 724, 731 (1971). The testimony of a juvenile accomplice is as suspect as that of an adult accomplice.

Thus, we conclude that the district court erred in finding that the young woman was not an accomplice. We also conclude, however, that this error is harmless beyond a reasonable doubt because the young woman's testimony was sufficiently corroborated by other evidence.

The evidence required to corroborate accomplice testimony need not, in itself, be sufficient to establish guilt. If the evidence, independent of the accomplice testimony, tends to connect the accused with the commission of the offense, then the corroboration requirement contained in NRS 175.291 is satisfied. State v. Hilbish, Et Al., 59 Nev. 469, 479, 97 P.2d 435, 438 (1959). We conclude that the following evidence sufficiently corroborates the young woman's testimony: (1) the informant's testimony that he sought cocaine from a Valton Tiner, that Tiner led him to the young woman, who was staying at a nearby hotel, that the young woman telephoned a person later identified as appellant in her efforts to obtain cocaine, and that the informant gave the young woman $640.00 in prerecorded money to buy cocaine; (2) the police officers' testimony that they observed appellant and his cohort arrive at the hotel and enter the room occupied by the young woman; (3) the informant's testimony that after appellant and his cohort left the room, he and Tiner returned and found the young woman in possession of cocaine; and (4) the police officers' testimony that appellant and his cohort were apprehended with $640.00 of prerecorded money in their possession a short time after they left the hotel.

We have considered appellant's remaining contentions and find them lacking in merit. Accordingly, we affirm appellant's convictions and the sentences imposed thereon.[1]

---

[1]The Honorable Cliff Young, Justice, voluntarily recused himself from participation in the decision of this appeal.