An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES LEE COLLINS,
Appellant,
vs.
E.K. MCDANIEL, WARDEN,
Respondent.

No. 61729

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant's post-conviction petition for a writ of habeas corpus. Seventh Judicial District Court, Lincoln County; Dan L. Papez, Judge.

Appellant James Lee Collins contends that the district court erred by denying his claims that counsel was ineffective.[1] To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (stating that prejudice in trial-counsel context requires showing that there is reasonable probability that, but for counsel's errors, outcome of proceedings would have been different); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996)

---

[1]Collins' trial counsel also represented him on appeal. Collins' claims are in the context of ineffective assistance of trial and appellate counsel.

13-17412

(stating that prejudice in appellate counsel context requires showing omitted issue would have had reasonable probability of success on appeal); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both deficiency and prejudice must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). Here, the district court held an evidentiary hearing, and we give deference to the district court's factual findings if they are supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Collins contends that counsel was ineffective for failing to challenge in a pretrial motion or on appeal that no evidence corroborated the accomplice testimony admitted at trial and therefore his convictions cannot stand. Sheriff Kerry Lee testified that in April 2007, his office conducted an investigation into narcotic trafficking and sales involving Collins and Kevin Valerio. The investigation culminated in the issuance of a warrant to search Valerio's home for methamphetamine-related items, specifically a large metal toolbox and keys to unlock the padlock Sheriff Lee was told secured the toolbox. The search of Valerio's house yielded a large metal toolbox, which contained methamphetamine and drug paraphernalia. A key that unlocked the padlock on the toolbox was found during a search of Collins' house. Other than the key, the bulk of the evidence against Collins rested with the testimony of Valerio and Kenneth Bowen.

The evidence necessary to corroborate accomplice testimony need not, by itself, be sufficient to establish guilt. *Ramirez-Garza v. State*, 108 Nev. 376, 379, 832 P.2d 392, 393 (1992). "If the evidence, independent of the accomplice testimony, tends to connect the accused with the commission of the offense, then the corroboration requirement contained in NRS 175.291 is satisfied." *Id.*; *Heglemeier v. State*, 111 Nev. 1244, 1251-52, 903 P.2d 799, 803-04 (1995); *see also Austin v. State*, 87 Nev. 578, 585, 491 P.2d 724, 728 (1971) (observing that in determining if sufficient evidence corroborates accomplice's testimony, that testimony must be eliminated and remaining evidence examined to ascertain if there is inculpatory evidence tending to connect defendant to offense). The district court concluded that the State produced sufficient independent corroborative evidence by showing that Collins possessed the only key located that could open the padlock securing the toolbox, which contained approximately 21 grams of methamphetamine and his incriminating statement to law enforcement that if any drugs were found in Valerio's house, they did not belong to him. Considering Collins' arguments, the trial testimony, and the district court's factual findings, we conclude that the district court did not err by denying this claim.[2]

---

[2]Collins' conviction for child neglect and endangerment was not predicated on accomplice testimony, as Valerio and Bowen were not accomplices in that offense. Therefore, the district court did not err by denying his claim of ineffective assistance of counsel related to that charge.

Second, Collins argues that counsel was ineffective for not challenging the voluntariness of his consent to a search of his house. The district court concluded that the search was conducted pursuant to a condition of Collins' probation and was consensual, *see Seim v. State*, 95 Nev. 89, 94, 590 P.2d 1152, 1155 (1979), and thus counsel was not ineffective for failing to challenge the search at trial or on appeal. The district court's finding is supported by substantial evidence, and we conclude that it did not error by denying this claim.

Third, Collins argues that counsel was ineffective for not challenging inadmissible prior bad act evidence. In responding to a direct examination question regarding the length of the investigation of Collins' crimes, Sheriff Lee responded that his office had "been watching Mr. Collins for a number of years, and particularly in the last months we were watching—." At the evidentiary hearing, counsel acknowledged that the comment could imply prior misconduct, but he elected not to object to it to avoid attracting the jury's attention to it. The district court found that counsel made a strategic decision by not objecting and therefore Collins failed to prove ineffective assistance, *see Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (observing that counsel's strategic or tactical decisions will be "'virtually unchallengeable absent extraordinary circumstances'" (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990))), *abrogation on other grounds recognized in Harte v. State*, 116 Nev. 1054, 1072 n.6, 13 P.3d 420, 432 n.6 (2000)), or, even assuming counsel should have objected, he failed to show prejudice. The district court further determined that counsel was not ineffective for not raising

this claim on appeal. We conclude that the district court did not err in this regard.

Fourth, Collins argues that counsel was ineffective for not challenging comments by the prosecutor that disparaged counsel and expressed the prosecutor's personal opinion as to his guilt. In particular, during closing and rebuttal argument, the prosecutor compared counsel to an illusionist and argued that counsel was disingenuous by "talk[ing] about all the things [the prosecution doesn't] have." The district court determined that while the comments were improper, *see Rose v. State*, 123 Nev. 194, 211, 163 P.3d 408, 419 (2007) (concluding that "referring to the defense as 'smoke screens' is improper"); *Emerson v. State*, 98 Nev. 158, 164, 643 P.2d 1212, 1215 (1982) ("A prosecutor does not appropriately offer his personal opinion as to the guilt or the character of the accused."), and counsel should have objected, Collins failed to demonstrate prejudice at trial and on appeal. We conclude that the district court did not err in this regard.

Fifth, Collins argues that counsel was ineffective for failing to file a number of pretrial motions, conduct reliable pretrial investigation, and present a defense. These claims appear in Collins' proper person post-conviction motion and are little more than bare and vague allegations of ineffective assistance of counsel. Therefore, we conclude that the district court did not err by denying them.

Sixth, Collins contends that cumulative error requires reversal of his convictions. To the extent Collins argues that cumulative trial error warrants relief, his claim is procedurally barred as it should have been raised on appeal. NRS 34.810(1)(b)(2). To the extent he argues that the

cumulative effect of counsel's deficiencies warrants relief, he demonstrated deficient performance in one instance, and consequently there are no deficiencies to cumulate. Therefore we conclude that the district court did not err by denying this claim.

Having considered Collins' claims and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Gary Fairman, District Judge
       Christopher R. Oram
       Attorney General/Carson City
       Lincoln County District Attorney
       Lincoln County Clerk

---

[3]Collins argues that counsel was ineffective for not filing a petition for rehearing of this court's order denying his direct appeal because this court overlooked a jury instruction claim. In pleadings filed below, Collins conceded that this court did not overlook the matter. Therefore, we conclude that the district court did not err by denying this claim.