An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD LEE ROY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61576

**FILED**

SEP 1 8 2013





TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of home invasion, burglary, grand larceny, and conspiracy to commit larceny. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

First, appellant Richard Lee Roy contends that insufficient evidence supports his convictions because he and his accomplice were not properly informed of their *Miranda* rights and therefore their statements were illegally obtained and inadmissible at trial. The record reveals that Roy filed a pretrial motion to suppress the statements, the district court conducted a suppression hearing, and the district court made factual findings and denied the motion.[1] We conclude that Roy lacks standing to

---

[1]The record includes the district court minutes for the suppression hearing but does not include a transcript of that hearing. *See Thomas v. State*, 120 Nev. 37, 43 n.4, 83 P.3d 818, 822 n.4 (2004) ("Appellant has the ultimate responsibility to provide this court with 'portions of the record essential to determination of issues raised in appellant's appeal.'" (quoting NRAP 30(b)(3))); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

assert his accomplice's Fifth Amendment privilege against self-incrimination, *see Bowman v. United States*, 350 F.2d 913, 915 (9th Cir. 1965) ("[T]he privilege against self-incrimination is personal to the witness."), he has failed to show that the district court's factual finding that he was fully Mirandized twice before being interrogated is clearly erroneous, *see United States v. Connell*, 869 F.2d 1349, 1351 (9th Cir. 1989) (reviewing a district court's factual findings underlying an adequacy of the *Miranda* warning challenge for clear error), and he has not demonstrated that his statements were illegally obtained or improperly admitted at trial.[2]

Second, Roy contends that insufficient evidence supports his convictions because his accomplice's testimony was not corroborated by independent evidence and was therefore inadmissible. The evidence necessary to corroborate accomplice testimony need not, by itself, be sufficient to establish guilt. *Ramirez-Garza v. State*, 108 Nev. 376, 379, 832 P.2d 392, 393 (1992). "If the evidence, independent of the accomplice testimony, tends to connect the accused with the commission of the offense, then the corroboration requirement contained in NRS 175.291 is satisfied." *Id.* Here, the victim testified that she lived in an apartment located in building 22 on 6661 Silverstream Avenue and that someone broke into her apartment and stole her belongings. Several LVMPD detectives testified that they were conducting surveillance on Roy on the

---

[2]To the extent that Roy relies on excerpts from his suppression motion to prove that he was not properly advised of his *Miranda* rights, we note that "[f]acts or allegations contained in a brief are not evidence and are not part of the record." *Phillips v. State*, 105 Nev. 631, 634, 782 P.2d 381, 383 (1989).

day of the break-in and observed him approach building 22 and later return from that building carrying something. And Roy testified that he was in the apartment on the day that it was broken into. We conclude that this independent evidence was sufficient to connect Roy to the commission of the offenses and thereby corroborate the accomplice's testimony.[3]

Having concluded that Roy's contentions are without merit, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                        Saitta


cc:     Hon. Linda Marie Bell, District Judge
        Carl E.G. Arnold
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]We note that the accomplice testified as a rebuttal witness.