An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENE F. FERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62201

**FILED**

OCT 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Doug Smith, Judge.

In his petition filed on August 10, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505

---

[1] This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 31062

(1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that his counsel was ineffective for allowing the State to voluntarily dismiss the charges without prejudice. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The State properly dismissed the charges without prejudice prior to appellant's preliminary hearing. *See* NRS 174.085(5). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel argued the initial dismissal of the charges was improper. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his counsel was ineffective for failing to argue that he did not receive proper notice of the grand jury proceedings. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant's second counsel filed a pretrial petition for a writ of habeas corpus, arguing that appellant was not properly notified of the grand jury proceedings. Given the overwhelming evidence of appellant's guilt presented at trial, he failed to demonstrate a reasonable probability of a different outcome had counsel raised further arguments regarding the grand jury proceedings. *See* *United States v. Mechanik*, 475 U.S. 66, 70 (1986); *Lisle v. State*, 113 Nev.

540, 551-52, 937 P.2d 473, 480 (1997). Therefore, the district court did not err in denying this claim.[2]

Third, appellant claimed that his trial counsel had a conflict of interest because counsel conceded his guilt for two counts during appellant's first trial. Appellant failed to demonstrate that his counsel had a conflict of interest. Appellant's first trial ended in a mistrial and counsel did not concede appellant's guilt during the second trial. Under these circumstances, appellant failed to demonstrate an actual conflict of interest or that his counsel had divided loyalties. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Moreover, appellant did not demonstrate that the attorney-client relationship had collapsed. *See Young v. State*, 120 Nev. 963, 969, 102 P.3d 572, 576 (2004). Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that his trial counsel was ineffective for failing to argue that the Double Jeopardy Clause barred the second trial after the first trial was declared a mistrial. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. After a mistrial, the retrial will not be barred by double jeopardy if the "mistrial was dictated by manifest necessity or the ends of justice" and, "in the presence of manifest necessity, whether the

---

[2]To the extent appellant claimed that his initial counsel was ineffective for failing to notify him of the grand jury proceedings or for failing to argue that the notice of the grand jury hearing was inadequate, appellant failed to demonstrate he was prejudiced given the overwhelming evidence of his guilt for the charged crimes. *See id.*

prosecutor is responsible for the circumstances which necessitated declaration of a mistrial." *Beck v. Seventh Judicial Dist. Ct.*, 113 Nev. 624, 627, 939 P.2d 1059, 1060 (1997) (quotations omitted). Here, the district court declared a mistrial because appellant's counsel conceded appellant's guilt to two counts without first obtaining appellant's consent. Under these circumstances, appellant was properly retried after his first trial was declared to be a mistrial. *See* NRS 174.085(4). Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that his trial counsel was ineffective for failing to cross-examine the State's expert witnesses. Appellant failed to demonstrate that he was prejudiced. The State's experts testified regarding their testing of the cocaine and additional evidence discovered in the vehicle. Given the nature of the expert testimony and the overwhelming evidence of appellant's guilt, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel cross-examined these experts. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his trial counsel was ineffective for failing to argue that there was insufficient evidence for his convictions because they were based solely on the testimony of his accomplice. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The evidence necessary to corroborate accomplice testimony need not, by itself, be sufficient to establish guilt. *Ramirez-Garza v. State*, 108 Nev. 376, 379, 832 P.2d 392, 393 (1992). "If the evidence, independent of the accomplice testimony, tends to connect the accused with the commission of the offense, then the corroboration

requirement contained in NRS 175.291 is satisfied." *Id.*; *see also Heglemeier v. State*, 111 Nev. 1244, 1250-51, 903 P.2d 799, 803-04 (1995); *Austin v. State*, 87 Nev. 578, 585, 491 P.2d 724, 728-29 (1971) (observing that in determining if sufficient evidence corroborates accomplice's testimony, that testimony must be eliminated and remaining evidence examined to ascertain if there is inculpatory evidence tending to connect defendant to offense). Appellant was discovered driving a vehicle that contained approximately 10 pounds of cocaine, which was sufficient to corroborate his accomplice's testimony. In addition, all of the evidence produced at trial provided overwhelming evidence of appellant's guilt. Therefore, the district court did not err in denying this claim.[3]

Seventh, appellant claimed that his trial counsel was ineffective for failing to discuss the evidence or trial strategy with him. Appellant failed to demonstrate that he was prejudiced. Given the overwhelming evidence of appellant's guilt presented at trial, appellant failed to demonstrate a reasonable probability of a different outcome at

---

[3]Appellant also appears to assert that his counsel was ineffective for failing to argue that the jury should have determined whether his codefendant was an accomplice to the crime. As appellant's codefendant agreed to enter a guilty plea prior to the trial, the jury was not charged with determining the codefendant's guilt for these crimes. Moreover, the evidence clearly established that appellant and his codefendant both participated in the purchase and transfer of a large quantity of cocaine, demonstrating that they were accomplices. *See Austin*, 87 Nev. at 587, 491 P.2d at 730; NRS 175.291(2).

trial had counsel discussed the evidence or trial strategy with appellant. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his counsel knew that his codefendant both committed perjury while testifying against appellant and was paid by the government to be an informant, yet counsel did not inform the jury of these issues. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that his codefendant committed perjury and he failed to demonstrate reasonable counsel would have argued that the codefendant committed perjury. Counsel cross-examined the codefendant regarding his plea deal with the State and his motivations for testifying against appellant. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel questioned the codefendant further regarding his potential biases. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that his trial counsel was ineffective for failing to argue that cocaine is only a Schedule II drug, and therefore, his convictions were improper. Appellant failed to demonstrate deficiency or prejudice for this claim because cocaine is a Schedule I drug. *See* NRS 453.146 (stating that State Board of Pharmacy has the duty to classify controlled substances); NAC 453.510(8) (classifying cocaine as a Schedule I controlled substance). Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in

that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant claimed that his appellate counsel had a conflict of interest because counsel did not raise available claims on appeal and did not contact appellant during the direct appeal proceedings. These issues do not demonstrate an actual conflict of interest or that his counsel had divided loyalties. *See Clark*, 108 Nev. at 326, 831 P.2d at 1376. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his appellate counsel should have argued his convictions were improper because cocaine is a Schedule II drug. Appellant failed to demonstrate either deficiency or prejudice for this claim because, as discussed previously, cocaine is classified as a Schedule I drug. *See* NRS 453.146; NAC 453.510(8). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his appellate counsel was ineffective for failing to argue that the Double Jeopardy Clause barred the second trial after the first trial was declared a mistrial. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. As discussed previously, appellant failed to demonstrate that

the Double Jeopardy Clause barred the second trial. *See Beck*, 113 Nev. at 627, 939 P.2d at 1060; NRS 174.085(4). Therefore, the district court did not err in denying this claim.

Having concluded appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Doug Smith, District Judge
       Rene F. Fernandez
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

