An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENT ELI MORRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65382

FILED

JUN 10 2015



*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Brent Eli Morris's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Morris argues that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). We give deference to the district court's factual findings if supported by substantial evidence but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-17744

First, Morris contends that trial counsel was ineffective for interfering with his right to testify. Morris claims that the district court overlooked the possibility that trial counsel impermissibly waived his right to testify because Morris never made a waiver on the record. Morris fails to demonstrate that trial counsel's performance was deficient or that he was prejudiced. The district court found that Morris's assertion that he wanted to testify lacked credibility as Morris was thoroughly canvassed regarding this right, demonstrated concern about a prior conviction for similar conduct being used against him, and never indicated he wanted to testify. The district court's conclusions are supported by substantial evidence. There is nothing in the record to demonstrate that trial counsel interfered with Morris's right to testify. Additionally, Morris fails to demonstrate how his testimony would have altered the outcome at trial.[1] Therefore, the district court did not err by denying this claim.

Second, Morris claims that appellate counsel was ineffective for failing to challenge the deprivation of his right to testify as the district court overlooked the lack of a personal, voluntary, and knowing waiver of Morris's right to testify. Morris fails to demonstrate deficiency or

---

[1]Of particular note, Morris fails to include numerous trial exhibits—videotapes purportedly showing Morris committing the crimes for which he was charged—in the appendix. *See* NRAP 30(d) ("Copies of relevant and necessary exhibits shall be clearly identified, and shall be included in the appendix," or "[i]f the exhibits are too large or otherwise incapable of being reproduced in the appendix, the parties may file a motion requesting the court to direct the district court clerk to transmit the original exhibits."); *see also Thomas v. State*, 120 Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) (stating that appellant is ultimately responsible for providing this court with portions of the record necessary to resolve his claims on appeal).

prejudice. At an evidentiary hearing on the petition, appellate counsel testified that he believed the canvass was appropriate, that Morris waived the right to testify, and that a challenge would not be successful. *See Donovan v. State* 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (holding that counsel cannot be ineffective for failing to make futile motions). Furthermore, we have held that an express waiver of the right to testify is not required for a valid conviction, *see Phillips v. State*, 105 Nev. 631, 633, 782 P.2d 381, 382 (1989), and Morris fails to demonstrate that this claim had a reasonable probability of success on appeal. Therefore, the district court did not err by denying this claim.

Third, Morris contends that trial counsel was ineffective for failing to ensure that all bench conferences were recorded. While numerous bench conferences were subsequently memorialized, Morris claims that the bench conference after the defense rested was not recorded and that the issue of his desire to testify may have been resolved during that conference. Morris fails to demonstrate that counsel was deficient because he fails to demonstrate that the missing portions of the record "are so significant that their absence precludes this court from conducting a meaningful review of the alleged errors that the appellant identified and the prejudicial effect of any error." *Preciado v. State*, 130 Nev., Adv. Op. 6, 318 P.3d 176, 178 (2014). Because Morris has failed to make such a showing, we conclude that the district court did not err by denying this claim.

Fourth, Morris claims that appellate counsel was ineffective for failing to challenge trial counsel's failure to ensure all bench conferences were recorded. Morris fails to demonstrate that appellate counsel's performance was deficient or that he was prejudiced. Appellate

counsel testified that he did not pursue this claim because one must not only demonstrate that the bench conferences were not recorded but also resulting prejudice, which appellate counsel recognized was problematic due to the lack of a record. Therefore, appellate counsel did not feel a challenge on this ground would be successful. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (recognizing that appellate counsel is not required to raise every non-frivolous issue on appeal). Moreover, claims of ineffective assistance of counsel cannot generally be raised on direct appeal. *Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995). Furthermore, Morris fails to demonstrate a reasonable probability of success on appeal. Therefore, the district court did not err by denying this claim.

Fifth, Morris contends that appellate counsel was ineffective for failing to argue that the evidence supporting the charges of fraudulent acts in a gaming establishment was insufficient. Morris fails to demonstrate deficiency or prejudice. Appellate counsel testified that, while he raises sufficiency claims in a large majority of the appeals he handles, he chose not raise a sufficiency claim in this case after reviewing the testimony and videotapes because he "felt that the evidence was just overwhelming." *See Jones*, 463 U.S. at 751. Moreover, Morris fails to demonstrate a reasonable probability of success on appeal had appellate counsel challenged the sufficiency of the evidence. Therefore, the district court did not err by denying this claim.

Sixth, Morris claims that appellate counsel was ineffective for failing to challenge the jury instruction regarding flight. Morris fails to demonstrate that appellate counsel was deficient or that he was prejudiced. Appellate counsel testified to his belief that there was sufficient evidence to support the instruction and that a challenge would

be unsuccessful. *See id.* Furthermore, Morris fails to demonstrate a reasonable probability of success on appeal as testimony was introduced that Morris left the casino in a hurry after a floor supervisor questioned whether Morris's bet was made in time and that it was uncommon for a player in Morris's situation, who had the roll of the dice and who was rolling successfully, to leave the game. *See Weber v. State,* 121 Nev. 554, 581-82, 119 P.3d 107, 126 (2005) (describing when a flight instruction is appropriate). Therefore, the district court did not err by denying this claim.

Seventh, Morris contends that appellate counsel was ineffective for failing to challenge the district court's reliance on an invalid conviction when sentencing Morris under the small habitual criminal enhancement statute because one of the convictions relied upon was subsequently overturned. Morris fails to demonstrate that appellate counsel was deficient or that he was prejudiced. In the documents before this court, Morris does not demonstrate that his prior conviction was overturned.[2] Additionally, the State presented enough convictions for the small habitual criminal enhancement without the allegedly overturned conviction. Therefore, the district court did not err by denying this claim.

Lastly, Morris claims that cumulative error warrants relief. As we have found no errors, there is nothing to cumulate.

---

[2]The documents presented demonstrate that the Michigan Court of Appeals, pursuant to a federal court order granting Morris's petition for writ of habeas corpus solely on a claim of appeal deprivation, remanded Morris's case to the trial court for the appointment of appellate counsel and briefing. These documents demonstrate that Morris was allowed to appeal his conviction, not that the conviction was overturned.

Having considered Morris's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Eighth Judicial District Court Dept. 20
       The Kice Law Group, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk