# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ORMON SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78439

FILED

APR 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Christopher Smith argues the district court erred in denying claims of ineffective assistance of counsel without an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

20-14408

must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). "A court reviewing a claim of ineffective assistance must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Nix v. Whiteside*, 475 U.S. 157, 165 (1986) (quoting *Strickland*, 466 U.S at 689). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). When a post-conviction petition raises claims supported by specific factual allegations which would entitle the petitioner to relief, the petitioner is entitled to an evidentiary hearing unless those claims are repelled by the record. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

First, Smith argues trial counsel was ineffective for advising him not to testify. Smith asserts that his testimony was the only available evidence to undermine his girlfriend's testimony and support his theories of defense. Smith has not demonstrated deficient performance or prejudice. The district court canvassed Smith about his right to testify, and Smith chose not to testify. *See Rock v. Arkansas*, 483 U.S. 44, 52 (1987) (recognizing a defendant's right to testify should he choose to do so); *Phillips v. State*, 105 Nev. 631, 632-33, 782 P.2d 381, 382 (1989) (recognizing defendant's right to testify). In rejecting this claim, the district court determined cross-examination would have opened the door to several concerning areas that would have discredited Smith and undermined his theories of defense, including his own statements to the police. We conclude

SUPREME COURT
OF
NEVADA

(O) 1947A

that this decision was not in error.[2] *See* NRS 200.200(2) (providing that if a person kills in self defense, it must be apparent that "[t]he person killed was the assailant, or that the slayer had really, and in good faith, endeavored to decline any further struggle before the mortal blow was given"); *Runion v. State*, 116 Nev. 1041, 1046-52, 13 P.3d 52, 56-59 (2000) (discussing self-defense); *Culverson v. State*, 106 Nev. 484, 489, 797 P.2d 238, 241 (1990) (recognizing that an original aggressor has the duty to retreat); *see also* NRS 200.010 (describing murder); NRS 200.030(1)(a), (b) (describing first-degree murder as including a willful, deliberate, and premeditated killing or a murder committed during the perpetration of a burglary); NRS 200.050 (defining voluntary manslaughter); NRS 205.060 (defining burglary). Under these facts, Smith has not demonstrated that counsel's advice fell outside the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Further, Smith has not demonstrated that the described testimony would have had a reasonable probability of altering the outcome at trial given the substantial evidence at trial, including testimony from his girlfriend, daughter, and his

---

[2]Smith's argument that the district court could not evaluate this claim without an evidentiary hearing is without merit as Smith's voluntarily recorded statements to the police provide a sufficient basis for review. Notably, Smith has not indicated how any potential testimony would differ from his statements to the police. And Smith's statements to the police were troubling as he described himself as starting to "try[ ] to fight [the victim]" and chasing the victim into the victim's own home, following the victim upstairs where he continued the fight and eventually shot the victim.

daughter's friend's mother. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Second, Smith argues trial counsel did not present a defense. Noting that trial counsel did not call a single witness, Smith asserts that trial counsel could have presented testimony from his brother and his mother to dispute testimony that he obtained weapons from their homes before going to the victim's home. Smith has not demonstrated deficient performance or prejudice. Smith's mother and brother were interviewed by defense investigators. The district court determined there were strategic reasons not to call them as witnesses, and Smith has not demonstrated that this conclusion was in error. *See Strickland*, 466 U.S. at 690-91 (noting that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"); *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) ("A strategy decision, such as who should be called as a witness, is a tactical decision that is 'virtually unchallengeable absent extraordinary circumstances.'" (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990))). Smith has also not demonstrated a reasonable probability of a different outcome if these witnesses had testified given the substantial evidence presented at trial. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Third, Smith argues trial counsel should have challenged the cause of the injuries to the victim's face and other injuries to the victim either through a more rigorous cross-examination of the forensic pathologist or by hiring an expert. Smith has not demonstrated deficient performance or prejudice. Beyond reference to a medical text regarding blunt force

injuries, Smith has not presented any specific facts that would entitle him to relief. Contrary to Smith's assertion, trial counsel asked the forensic pathologist whether the injuries could have been caused by a fall. Smith neither identifies what further questions should have been asked nor presents any specific information a defense expert would have offered at trial. Simply stating that there was something further counsel could have done falls short of demonstrating that trial counsel was objectively unreasonable in how they presented the case at trial. *See Strickland*, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."). Further, Smith has not demonstrated a reasonable probability of a different outcome at trial given the substantial evidence presented at trial. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Fourth, Smith argues trial counsel should have objected to hearsay testimony from his daughter's friend's mother about what his daughter said the night of the killing. Smith did not demonstrate deficient performance or prejudice. The statements identified by Smith were admissible as excited utterances. *See* NRS 51.095. Because any objection therefore would have been futile, Smith cannot demonstrate deficient performance. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Moreover, Smith has not demonstrated a reasonable probability of a different outcome if counsel had successfully objected. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

Fifth, Smith argues that his appellate counsel should have raised a claim based on *Batson v. Kentucky*, 476 U.S. 79 (1986). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). As stated earlier, both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697.

Smith argues the trial court did not engage in a sincere and reasoned effort to evaluate the circumstances of the *Batson* challenge and incorrectly determined that the challenge lacked merit because there was only one African-American veniremember struck. Smith further complains that the trial court would not let the parties make a record of the *Batson* challenge after the trial had begun. Smith has not demonstrated deficient performance or prejudice. After trial counsel made a claim of prima facie discrimination based on the State's challenge to one of two African-American veniremembers, the State provided a race-neutral explanation, which included the veniremember's response that she would find it difficult to be fair to police officers and that she had written a letter to a judge about a family member's incarceration. The trial court accepted the State's reasons and rejected the challenge. Although the court's comments on the record about the unrecorded bench conference were summary, Smith has not demonstrated purposeful discrimination such that a *Batson* challenge would have succeeded on appeal. *See Cooper v. State*, 134 Nev. 860, 861, 432 P.3d 202, 204 (2018) (setting forth the three steps in a *Batson* challenge and recognizing that the third step involves a determination of whether the

opponent of the peremptory strike has shown purposeful discrimination). In particular, Smith has not shown that the prosecutor engaged in disparate questioning; that similar answers were given by jurors who were not struck, especially considering the number of issues that arose from the questions answered by the struck veniremember; or any historical discrimination in the use of peremptory challenges. *See Ford v. State*, 122 Nev. 398, 405, 132 P.3d 574, 578-79 (2006) (discussing possible reasons for finding the explanation for a challenged strike to be pretextual). The trial court's comment regarding there being only one African-American veniremember struck, in context, went to step one of the *Batson* analysis, which was a moot point after the State offered a race-neutral explanation. *See Cooper*, 134 Nev. at 862, 432 P.3d at 205 (noting that a pattern of peremptory strikes is one way to satisfy step one of a *Batson* challenge requiring a prima facie showing that the strike was race-based); *Williams v. State*, 134 Nev. 687, 690-91, 429 P.3d 301, 306-07 (recognizing that step one of a *Batson* challenge is moot when the State offers a race-neutral explanation); *Watson v. State*, 130 Nev. 764, 776, 335 P.3d 157, 166 (2014) ("[T]he mere fact that the State used a peremptory challenge to exclude a member of a cognizable group is not, standing alone, sufficient to establish a prima facia case of discrimination under *Batson's* first step . . . ."). Smith further does not demonstrate the court erred in refusing to allow the State to make a second record during trial. Under these circumstances, it was not objectively unreasonable for appellate counsel to omit this claim, and Smith has not demonstrated that a *Batson* claim had a reasonable probability of success on appeal. Therefore, we conclude that the district court did not err in denying this claim without an evidentiary hearing.

Finally, Smith argues cumulative error. Even assuming multiple instances of deficient performance could be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), as Smith has not demonstrated counsel's performance was deficient, there is nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Valerie Adair, District Judge
Oronoz & Ericsson, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A